# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| FRANCES BAYLOR ) | |
| ) | |
|     PLAINTIFF, ) | |
| ) | |
| VS. ) | CASE NO. 3:18-cv-01262 |
| ) | |
| OCCIDENTAL FIRE AND CASUALTY ) | |
| COMPANY OF NORTH CAROLINA, ) | |
| a corporation, ) | |
| ) | |
|     DEFENDANT. ) | |
| _____ / | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, FRANCES BAYLOR, by and through her undersigned attorney, pursuant to the Order entered by the Court on February 15, 2019 (Doc. 17), Rule 15(a) of the Federal Rules of Civil Procedure and Local Rule 4.01 and files this Amended Complaint in its entirety:

## JURISDICTION

1. This action arises under the *National Flood Insurance Act*, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, *et seq.*, pursuant to the insurance contract issued to the Plaintiff as hereinafter more fully appears. This action, having arisen under an applicable federal statute, namely, 42 U.S.C. Section 4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. Section 1331.

## VENUE

2.     The property made the basis of this action is located at 4074 Scenic Drive, Middleburg, Florida 32068 (hereinafter referred to as the "insured property"). The insured property is situated in the Middle District of Florida, Jacksonville Division, and venue is proper in this Court pursuant to 42 U.S.C. Section 4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

## PARTIES

3.     The Plaintiff, FRANCES BAYLOR, is an individual who was, and still is, the owner of the insured property and has been at all times material to the allegations set forth in the Complaint.

4.     The Defendant, OCCIDENTAL FIRE AND CASUALTY INSURANCE COMPANY OF NORTH CAROLINA (hereinafter referred to as Occidental) is a private insurance company which is qualified to do business in the State of Florida and participates in FEMA's "Write Your Own" (WYO) program.  Occidental issued a Standard Flood Insurance Policy (hereinafter referred to as "SFIP") in its own name, as a fiscal agent of the United States, to the Plaintiff.  Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), Occidental is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the policy.

## FACTUAL ALLEGATIONS
## BREACH OF CONTRACT

5.     On April 19, 2017, Occidental issued an SFIP to the Plaintiff, namely, Policy No. 87059125372017, for a one (1) year period, whereby Occidental agreed to pay the Plaintiff for any direct physical loss to the insured property caused by or from a "flood" as defined by the policy.  In lieu of attaching the policy hereto, the Plaintiff incorporates by reference, as a part

hereof, the terms and provisions of the SFIP, as set forth in 44 C.F.R. Section 61, Appendix A(1), which is the policy issued by Occidental to the Plaintiff during the above-referenced time period.

6. The SFIP issued to the Plaintiff covered flood damage to the Plaintiff's dwelling and other structures as described under Coverage A up to a limit of $200,000; flood damage to Plaintiff's personal property and contents under Coverage B up to a limit of $100,000; and debris removal and loss avoidance measures as described under Coverage C.

7. On or about September 11, 2017, the storm surge, tidal water and rain associated with Hurricane Irma directly caused the inundation of the Plaintiff's land and the surrounding area. As a direct and proximate result of the flooding, the Plaintiff suffered a direct physical loss to her building and contents and incurred expenses for debris removal and safe storage of her property.

8. The Plaintiff timely notified the Defendant of her loss and the claim was inspected and adjusted by or on behalf of the Defendant by an "independent" adjuster who prepared an estimate which served as the basis for the Defendant's payment to the Plaintiff. Pursuant to SFIP, Art.VII.J.7., the estimate and proof of loss is furnished as " a matter of courtesy only". As a result, payment was made to the Plaintiff pursuant to her SFIP for loss or damage to her building and contents.

9. The Plaintiff disagrees with the amount paid on her claim and alleges that she has not been fully compensated for the direct physical losses she sustained as a result of the flood.

10. The above described SFIP was in full force and effect at the time of the Plaintiff's loss and she has performed all conditions precedent entitling her to the coverages, payments, and benefits afforded by said policy.

11. The Defendant has failed or refused to pay the full amount due under the policy and

has otherwise failed or refused to comply with the terms and provisions of the policy. As a result thereof, the Defendant has breached the contract of insurance herein described.

12. As a direct and proximate consequence of the Defendant's breach of said contract, the Plaintiff has not been fully paid or compensated for damage to her building and contents. Further, Plaintiff has and will incur attorney fees, costs and expenses to prosecute this action.

WHEREFORE, Plaintiff demands judgment against the Defendant for an amount up to and including the coverage limits under Coverage A and Coverage B of her SFIP; any and all other amounts payable under said policy; attorney fees, costs and case expenses incurred in filing and prosecuting this action payable under the Equal Access to Judgment Act (EAJA), 28 U.S.C. § 2412; and, any and all other appropriate relief to which the Plaintiff may be entitled.

Respectfully Submitted,

/s/ SAMUEL W. BEARMAN
Samuel W. Bearman
Samuel W. Bearman, L.C.
820 North 12th Avenue
Pensacola, FL.  32501
Tel: (850) 438-1000
e-mail: sbearman@bearmanlaw.com

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE ABOVE AND FOREGOING Amended Complaint has been served upon counsel for all parties via CM/ECF Filer System on this 4th day of March, 2019.

/s/SAMUEL W. BEARMAN
Samuel W. Bearman
Attorney for Plaintiff